UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Penland Financial Services, Inc., and<br>Charles W. Penland Sr., #12904-171,<br><br>                        Plaintiff,<br><br>vs.<br><br>Select Financial Services, LLC;<br>Ken Anthony;<br>Jean Bradley;<br>Clement Broncale;<br>Acorn Capitol Group, LLC;<br><br>                        Defendants. | C/A No. 6:08-3864-HMH-WMC<br><br>**Report and Recommendation** |

## Factual Background

The *pro se* plaintiff, Charles W. Penland, Sr., a federal inmate currently incarcerated at FCI Petersburg, is serving a 120-month sentence for conspiracy to distribute cocaine and methamphetamine entered by this district court in *United States v. Penland*, Criminal No. 7:05-710-HFF (DSC).[1] The second plaintiff, Penland Financial Services, Inc., is alleged to be a corporation whose president is Charles W. Penland, Sr. In this lawsuit, Penland Financial Services alleges that the defendants wrongfully took its assets (accounts and liens) without paying for the assets and thereby breaching a contract. Liberally construed, plaintiffs allege that Select Financial Services entered a contract with Penland Financial Services to purchase "accounts." Plaintiffs allege that Select Financial Services breached the contract by "stealing more accounts than it purchased" and by filing liens in South Carolina on titles but not paying Penland Financial Services who previously held those liens.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Plaintiffs further allege that the defendants committed "conversion, unfair trade practices, deceptive methods violations, civil fraud, uniform fraud conveyance, fraudulent acts, deceptive acts and civil conspiracy, fraud on the court, and bribery." Penland Financial Services seeks $5,000,000.00 in damages. The plaintiffs paid the full filing fee ($350) in this case.

## *Pro Se* Review – Filing Fee Paid

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The plaintiff's complaint is subject to review pursuant to the inherent authority of this Court.[2] *E.g., Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000) (finding that where a non-prisoner *pro se* plaintiff paid the filing fee to bring a civil action, the action was subject to dismissal because it presented no arguably

---

[2]Initial review pursuant to 28 U.S.C. § 1915A does *not* apply to this case because it appears that the plaintiff did not bring suit against a governmental entity or officer or employee thereof.

One administrative order indicated that a *pro se* prisoner complaint may be reviewed pursuant to § 1915(e)(2) even though the prisoner did not seek to proceed *in forma pauperis* and paid the full filing fee. See *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (noting that § 1915(e)(2) applies to any case filed by a prisoner regardless of whether the prisoner paid the full filing fee). However, United States District Judge Duffy determined that subsequently to that administrative order the Sixth Circuit Court of Appeals concluded that § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*. See *Bardes v. Magera*, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134 at *8-10 (D.S.C. June 25, 2008) (finding the Sixth Circuit's opinion in *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999), to be persuasive that § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*). Similar to Judge Duffy, Judge Norton in *Key v. United States Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order), found that a *pro se* non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915 applies to the case. This court is *not* conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2).

2

meritorious claim); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004) (finding that it was appropriate to dismiss with prejudice *sua sponte* a fee-paying *pro se* plaintiff's action because the court determined that the claims presented no arguably meritorious issue to consider). *See also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307 (1989) (mentioning in *dicta* that "[s]tatutory provision may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a "frivolous or malicious" action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

3

currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999); F. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Lovern*, 190 F.3d at 654.

Even liberally construing the complaint in the plaintiffs' favor, it is apparent that the one true plaintiff is Penland Financial Services, Inc., whose president is Charles W. Penland, Sr. The individual Charles W. Penland, Sr. is attempting to represent the corporation in this lawsuit due to his status as president. *See* Complaint at pp. 4, 6. However, Charles Penland, a non-attorney, lacks standing to bring and litigate the corporation's legal claims. *See Renaissance Enter., Inc. v. Summit Teleservices, Inc.,* 515

4

S.E.2d 257 (S.C. 1999) (finding that a non-lawyer may not represent a corporation in circuit or appellate courts). *See also Myers v. Loudoun Co. Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005); *Leyfert v. Commonwealth of Pa. House of Representatives*, No. Civ.A. 05-4700, 2005 WL 3433995, at *3 (E.D. Pa. Dec. 13, 2005) (finding that a non-attorney, who held a power of attorney for her parents, lacked standing to file an action on behalf of her parents and therefore the court lacked jurisdiction over the case); *Umstead v. Chase Manhattan Mortgage Corp.*, No. Civ.A. 7:04CV00747, 2005 WL 2233554, at *2 (W.D. Va. Sept. 13, 2005) (finding that pleadings filed through lay representation on behalf of another using a power of attorney must be disregarded as a nullity and those claims were "void *ab initio*"). Accordingly, because Charles Penland may not litigate *pro se* the rights of the corporation, he lacks standing to bring this action; and, therefore, this court does not have subject matter jurisdiction over this action. *Cf. Glucotec, Inc. v. United States Dep't of Health and Human Serv.*, C/A No. 6:07-2995-HMH, 2008 WL 1766709, at *2-3 (D.S.C. April 11, 2008) (noting that subject matter jurisdiction is limited by "cases and controversies," standing, and ripeness).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **The plaintiff's attention is directed to the important notice on the next page.**

December 1, 2008                                                                s/William M. Catoe
Greenville, South Carolina                                                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).